**IN THE COURT OF COMMON PLEAS IN THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY**

|  |  |  |
|---|---|---|
| TIPSY SPRITZERS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CPU4-24-000154 |
| | ) | |
| v. | ) | |
| | ) | |
| NINTH PLANET SOLUTIONS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: August 16, 2024
Decided: October 7, 2024.

Michael G. Busenkell, Esq.
Gellert, Seitz, Busenkell & Brow
1201 N. Orange Street, 3rd Floor
Wilmington, DE 19801
*Attorney for Plaintiff*

Sarah P. Kaboly, Esq.
McCollom, D'Emilio, Smith, Uebler
2751 Centerville Road,
Wilmington, DE 19808
*Attorney for Defendant*

## ORDER ON DEFENDANT NINTH PLANET SOLUTIONS' MOTION TO DISMISS

Plaintiff Tipsy Spritzers, LLC ("Tipsy Spritzers") initiated this litigation against Defendant Ninth Planet Solutions, LLC ("Ninth Planet") for breach of contract and gross negligence. On March 15, 2024, a motion to dismiss was filed by Ninth Planet Solutions, LLC. A hearing was held on August 16, 2024, at the conclusion of which the Court reserved decision. For the reasons set forth below, Defendant's motion to dismiss is **DENIED**.

## FACTS AND PROCEDURAL HISTORY

On May 5, 2023, Tipsy Spritzers entered into a Co-Packing Master Agreement (the "MSA").[1] Pursuant to the MSA, Ninth Planet was to distill and bottle beverages for Tipsy Spritzers.[2] The MSA laid out a process for how the parties were to communicate the specifications of each batch of beverages to be produced and bottled.[3] Also included in the MSA were two clauses, an indemnification clause, section 18, and release of liability clause, section 19.[4]

On or about May 10, 2023, through May 12, 2023, Ninth Planet completed a production cycle (hereinafter the "May 2023 Batch") following Tipsy Spritzers' submission of a finalized Purchase Order Package.[5] Tipsy Spritzer alleges that prior to production of the May 2023 Batch the parties had extensive communications, including written instructions, regarding the production and canning of the wine spritzers.[6] The May 2023 Batch produced 82,536 cans of wine spritzers for Tipsy Spritzers, which Tipsy Spritzers began to allocate to its distributors and customers.[7]

---

[1] Pl. Compl., ¶ 7, at 2; Def. Mot. to Dismiss, at 1.
[2] Pl. Compl., ¶ 8, at 2.
[3] Pl. Compl., ¶ 8-9, at 2.
[4] Pl. Compl., Ex. A; Def. Mot. to Dismiss, Ex. A.
[5] Pl. Compl., ¶ 9-10, at 2; Def. Mot. to Dismiss, at 1.
[6] Pl. Compl., ¶ 13, at 2.
[7] Pl. Compl., ¶ 10, at 2.

Thereafter, cans from the May 2023 Batch began to swell, leak, and exploded despite being properly stored, which resulted in a recall.[8] Allegedly, Ninth Planet had failed to pasteurize the May 2023 Batch, which allowed the yeast to still be active and ferment.[9] This rendered the May 2023 Batch defective and undrinkable, leading Tipsy Spritzer to seek reimbursement from Ninth Planet for losses incurred.[10]

As a result of Ninth Planet's refusal to compensate Tipsy Spritzer, legal proceedings for breach of contract and gross negligence ensued.[11] Tipsy Spritzer claims that Ninth Planet did not follow the directions properly, which resulted in the defective and unsellable May 2023 Batch.[12] Whereas Ninth Planet moves to dismiss on the basis that Tipsy Spritzer failed to provide proper instructions to pasteurize the May 2023 Batch and, under the MSA, is either indemnified or released from for any damages resulting therefrom.[13]

---

[8] Pl. Compl., ¶ 8, 11, 13, at 2; Def. Mot to Dismiss, at 6.
[9] Pl. Compl., ¶ 12, at 2.
[10] Pl. Compl., ¶ 12, 15, at 2, 3: Def. Mot. to Dismiss, at 3.
[11] Pl. Compl., ¶ 15, at 3.
[12] Pl. Compl., ¶ 13, at 2.
[13] Def. Mot. to Dimiss, at 5.

## LEGAL STANDARD

The standards governing a motion to dismiss for failure to state a claim are well-settled: (i) all well-pleaded factual allegations are accepted as true; (ii) even vague allegations are "well-pleaded" if they give the opposing party notice of the claims; (iii) the Court must draw all reasonable inferences in favor of the non-moving party; and (iv) dismissal is inappropriate unless the "plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances susceptible of proof."[14]

To state an actionable breach of contract claim, the plaintiff need not plead specific facts.[15] Instead, all a plaintiff is required to do is plead a short and plain statement of the claim entitling them to relief.[16] Deciding what a contract means is a legal issue that can only be resolved on a motion to dismiss when the contract's language is clear and unambiguous.[17] "On a motion to dismiss for failure to state a claim, a trial court cannot choose between two differing reasonable interpretations

---

[14] *Vinton v. Grayson*, 189 A.3d 695, 700 (Del. Super. 2018).

[15] *VLIW Tech., L.L.C. v. Hewlett-Packard Co.*, 840 A.2d 606, 611 (Del. 2003).

[16] *Id.*

[17] *Blue Cube Spinco LLC v. Dow Chem. Co.* 2021 WL 4453460, at *7 (Del. Super. Ct. Sept. 29, 2021).

of ambiguous documents, and dismissal is proper only if the [moving party's] interpretation is the only reasonable construction as a matter of law."[18]

## DISCUSSION

Ninth Planet's request for dismissal rests on three grounds: (1) the indemnification clause in the MSA bars Tipsy Spritzer from recovery; (2) the release clause in the MSA bars Tips Spritzer from recovery; and (3) Tipsy Spritzer failed to provide Ninth Planet with proper instructions to pasteurize the May 2023 Batch.

### I. THE INDEMNIFICATION CLAUSE DOES NOT BAR TIPSY SPRITZERS FROM RECOVERY

At the onset it is important to note that Ninth Planet's indemnification argument is premature,[19] for the right to seek indemnification has not yet accrued.[20] That notwithstanding, Ninth Planet's argument as to indemnification fails because it is presumed on the faulty supposition that the indemnification clause applies to first-party claims, i.e., claims between Ninth Planet and Tipsy Spritzers.

---

[18] *P.C. Connection, Inc. v. Blue St. Capital, LLC*, 2023 WL 7017046, at *3 (Del. Super. Ct. Oct. 25, 2023).

[19] "The implicit rationale for this conclusion is that the person seeking indemnity should not have to rush in at the first possible moment but rather should be able to wait until the outcome of the underlying matter is certain." Scharf v. Edgcomb Corp., 864 A.2d 909, 919 (Del. 2004).

[20] "A cause of action for indemnification accrues when the [party] entitled to indemnification can 'be confident any claim against them … has been resolved with certainty.'" *Id.*

Delaware law on this issue is clear: indemnity clauses are presumed to apply only to claims brought by third-parties.[21] Such presumption is rebutted where there is explicit contractual language manifesting the intent to indemnify claims brought by and between the contracting parties ( "first-party claims").[22] In support of Ninth Planet's argument that the indemnity clause applies to first-party claims, Ninth Planet cites to *Oliver B. Cannon & Son, Inc. v. Dorr-Oliver, Inc.*[23] Reliance on *Oliver* is misplaced, for the *Oliver* Court meticulously explained that indemnity clauses apply, by default, to third-party claims—not first-party claims such as those at issue here.[24]

Therefore, Ninth Planet's argument that it is indemnified by Tipsy Spritzers and bars Tipsy Spritzers from recovery under the MSA is without merit.

## II. THE RELEASE CLAUSE DOES NOT BAR TIPSY SPRITZERS FROM RECOVERY

Ninth Planet's next argument is that Tipsy Spritzers is barred from recovery under the MSA's Limited Liability and Release clause.[25] Tipsy Spritzers alleges that the defect in the May 2023 Batch—non pasteurization—was the result of Ninth

---

[21] *Oliver B. Cannon & Son, Inc. v. Dorr-Oliver, Inc.*, 394 A.2d 1160, 1165 (Del. 1978); *Schneider Nat'l Carriers, Inc. v. Kuntz*, 2022 WL 1222738, at *31 (Del. Super. Ct. April 25, 2022).
[22] *Kuntz*, 2022 WL 1222738, at *31.
[23] *Oliver B. Cannon & Son, Inc. v. Dorr-Oliver, Inc.*, 394 A.2d 1160 (Del. 1978).
[24] *Id.* at 1165.
[25] Section 19(a) of the MSA. [25] Pl. Compl., Ex. A; Def. Mot. to Dismiss, Ex. A.

Planet's gross negligence. In support of its argument, Ninth Planet quotes a portion of the Release, specifically: "ANY AND ALL CLAIMS, LIABILITIES, ACTIONS, SUITS, JUDGMENTS, LOSSES, INJURIES, DAMAGES, COSTS AND EXPENSES FOR ANY MATTER ARISING OUT OF OR IN CONNECTION WITH THE PERFORMANCE OR NON-PERFORMANCE OF THIS AGREEMENT, WHETHER SUCH LIABILITY IS ASSERTED ON THE BASIS OF CONTRACT, TORT OR OTHERWISE." [26]

Indeed, the language quoted by Ninth Plant is a broad release of liability encompassing most conceivable circumstances. However, conspicuously omitted from Ninth Planet's recitation of the Release is the sentence that follows, a sentence which is, perhaps, of the utmost relevance given the claims brought by Tipsy Spritzers. Specifically: "THE FOREGOING SHALL NOT APPLY TO NINTH PLANET'S GROSS NEGLIGNECE OR WILLFUL MISCONDUCT." [27]

Therefore, since there has been no discovery to date, the question of whether Ninth Planet acted grossly negligent would not be a subject to a motion to dismiss. [28]

---

[26] Pl. Compl., Ex. A; Def. Mot. to Dismiss, Ex. A.
[27] Pl. Compl., Ex. A; Def. Mot. to Dismiss, Ex. A.
[28] *J.L. v. Barnes*, 33 A.3d 902, 916 (Del. Super. 2011) ("Whether *vel non* the defendant acted in bad faith or with gross negligence are … inherently factual question.").

*III.    TIPSY SPRITZERS' COMPLAINT IS SUFFICENT*

Ninth Planet's final argument is that Tipsy Spritzer failed to provide Ninth Planet with proper instructions on pasteurization of the May 2023 Batch. Considering Tipsy Spritzers need only give Ninth Planet notice of the claim(s) to be brought and has done so, Tipsy Spritzers need not plead compliance of every section of the MSA.[29] Thus, it is too early in the litigation stages to determine whether Tipsy Spritzer properly conveyed to Ninth Planet the proper procedures for pasteurization of the May 2023 Batch.

Therefore, Ninth Planet's argument that Tipsy Spritzers' complaint lacks specificity is without merit.

## CONCLUSION

For the reasons set forth above, Ninth Planet's motion to dismiss is **DENIED.**

**IT IS SO ORDERED.**

Carl C. Danberg,
Chief Judge

---

[29] *Vinton*, 189 A.3d at 700.

8